STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-7027
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3-21-MJ-71960-MAG |
|     Plaintiff, | STIPULATION AND PROTECTIVE ORDER [PROPOSED] |
|     v. | |
| CHRISTOPHER JAMES WAGNER, | |
|     Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant[s] and the charged offense[s] to defense counsel. On December 21, 2021, the parties in this matter entered into a protective order. Dkt. 8. The prior protective order, however, did not contemplate protection of sealed court filings that contain sensitive information. Accordingly, the discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

    1. Sealed court filings that contain information regarding third parties that are targets, potential targets of investigation, or ongoing investigative matters, including the following types of

documents if they contain such information: sealed applications, affidavits, and orders authorizing search warrants; applications for and orders authorizing the interception of wire and electronic communications; pen register and trap and trace applications and orders, applications for and orders authorizing the provision of information pursuant to 18 U.S.C. § 2703(d); and applications for and orders authorizing investigative process pursuant to the All Writs Act ("Investigatory Materials"); and

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to investigatory Materials any discovery material produced by the government that contains Personal Identifying Information, Financial Information, and/or Medical Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted, with the exception of Investigatory Materials.

The Defense Team may show witnesses Protected Information, as referenced in Paragraph 1 of this order, Financial Information, and/or Medical Information in the course of preparing a defense if the witness, by reason of their participation in the proceeding, would have seen or had reason to know such information.  Witnesses may only view Protected Information in the presence of the Defense Team. The Defense Team may make derivative use of the information contained in Investigatory Materials and

UNITED STATES V. CHRISTOPHER J. WAGNER
21-71960 MAG

CS/UC Information to pursue investigative leads and question witnesses in furtherance of preparing possible defenses. Regarding derivative use, the Defense Team shall not disclose the source of said information in any way to witnesses (including that the information came from government sources), or allow witnesses to view or have a copy of Investigatory Materials.

Defense counsel may also discuss Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the Defense Team shall provide any Protected Information produced by the government to any third party (*i.e.*, any person who is not a member of the defense team), except in the manner described above with respect to witnesses or experts, or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending appeals counsel for the defendant shall notify the government so that the government may request Protected Information subject to this Protective Order (including any copies) be returned to the United States or destroyed. Upon request of the United States, counsel for defendant shall return or destroy materials subject to this Protective Order (including any copies) within 14 days, unless counsel for defendant can ensure that the Protected Information will continue being kept under the conditions specified in this Order. To the extent the Defense Team maintains possession of the Protected Information, it agrees to do so under the conditions specified in this Order. If counsel for defendant returns documents and materials subject to this Order to the United States, the United States shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has

UNITED STATES V. CHRISTOPHER J. WAGNER
21-71960 MAG

expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
United States Attorney

Dated: February 14, 2022

/s/
**KENNETH CHAMBERS**
Assistant United States Attorney

/s/
**DANIEL BLANK**
Counsel for Defendant Christopher Wagner

**IT IS SO ORDERED.**

Dated: February 14, 2022

**HON. LAUREL BEELER**
United States Magistrate Judge

UNITED STATES V. CHRISTOPHER J. WAGNER
21-71960 MAG