JODI LINKER
Federal Public Defender
Northern District of California
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Daniel_Blank@fd.org

Counsel for Defendant WAGNER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER WAGNER,<br><br>Defendant. | **Case No.:** CR 22–0210 SI<br><br>**DEFENDANT'S SENTENCING MEMORANDUM; REQUEST FOR EVIDENTIARY HEARING**<br><br>**Court:** Hon. Susan Illston<br>**Hearing Date:** January 20, 2023<br>**Hearing Time:** 12:00 p.m. |

**REQUEST FOR EVIDENTIARY HEARING**

Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B) and Northern District of California Criminal Local Rule 32-5(b), Defendant Christopher Wagner respectfully requests an evidentiary to address his unresolved objections to the Final Presentence Report.  *See* Addendum to the PSR ¶¶ 2-6. Specifically, the U.S. Probation Officer applies a five-level enhancement for a pattern of conduct involving the sexual abuse or sexual exploitation of a minor pursuant to U.S.S.G. § 2G2.2(b)(5) – which does not appear in the guideline calculation in the parties' plea agreement – based upon disputed allegations of fact.  *See id.; see also* ¶ 3; *cf.* Dkt. 40 (filed Oct. 7, 2022) ¶ 7.

The first disputed allegation of fact involves the age of Thomas Bridler at the time Mr. Wagner first became sexually involved with him.[1]  The PSR claims that Mr. Bridler was 17 years old, but Mr. Wagner objects that Mr. Bridler was 18 years old.  *See* Addendum to the PSR ¶ 4.  Mr. Bridler was interviewed by the FBI on December 9, 2021, and during that interview made inconsistent statements on this issue.  *See* Attachment A (filed under seal) at 2 (Bates 51), 5 (Bates 54).[2]  The U.S. Probation Officer does not acknowledge the factual dispute among Mr. Bridler's statements and for unexplained reason concludes that Mr. Bridler was 17 rather than 18.  *See* Addendum to the PSR ¶ 4. Accordingly, it is respectfully submitted that an evidentiary hearing is required to resolve the dispute.

The second disputed allegation of fact involves stories told to Mr. Bridler by Mr. Wagner in the context of their sexual relationship regarding Mr. Wagner's sexual interests and prior sexual activity. *See* Attachment A.  The U.S. Probation Officer accepts the content of these stories as factually and historically accurate, notwithstanding Mr. Wagner's objection that both he and Mr. Bridler knew that they were merely fantasy talk, and even though there is no corroborating evidence of any kind to support the conclusion that the stories were factually and historically accurate and not just fantasy talk.  *See* Addendum to the PSR ¶ 4.  Accordingly, it is respectfully submitted that an evidentiary hearing is also required to resolve this dispute regarding PSR ¶¶ 14, 15, 17-19.[3]

---

[1] Mr. Bridler is not a minor and does not consider himself to be a victim.  He is currently involved with Mr. Wagner and supports him.  Accordingly, his name is not abbreviated here.
[2] This report of interview was provided to the defense under a stipulated protective order. Accordingly, it is filed under seal and the details of its contents are not specified here.
[3] Mr. Wagner's objection to PSR ¶ 34 was also not properly resolved.  That paragraph selectively culls a handful of text messages sent by Mr. Wagner over the years to suggest an improper focus on

**ARGUMENT**

The advisory guideline range under U.S.S.G. § 2G2.2 set forth in the plea agreement drafted by the government and accepted in good faith by Mr. Wagner is 78 to 97 months, based upon Offense Level 28 and Criminal History Category I.[4]  Courts have long recognized that a downward variance from the applicable guideline range of § 2G2.2 is warranted based upon policy considerations because that guideline was not developed in the experienced-based manner of most guidelines, and was instead the result of political considerations, and because the standard enhancements under the specific offense characteristics of § 2G2.2(b) – including all use of a computer, possessing over 600 images, and possessing images of minors under the age of 12 and of sadistic or masochistic conduct, adding 15 levels to the base offense level of 18 – apply in virtually every case, thus failing to distinguish among defendants sentenced under that guideline.  *See, e.g., United States v. Henderson*, 649 F.3d 955, 960-964 (9th Cir. 2011).[5]  Without these problematic enhancements, the advisory guideline range for Mr. Wagner would be 18 to 24 months based upon Offense Level 15 and Criminal History Category I.  Mr. Wagner candidly recognizes that there are also some specific aggravating facts, as well as some compelling mitigating facts, in his case.  On balance, it is respectfully submitted that a sentence of 48 months imprisonment is appropriate in this case.

Mr. Wagner is 42 years old and has no criminal arrests or convictions of any kind.  However, approximately 15 years ago, on one occasion Mr. Wagner improperly touched a boy who was 12 or 13 years old.  PSR ¶¶ 32, 35.  Initially, Mr. Wagner tried in a contemporaneous journal entry to justify his conduct to himself as harmless and well-intentioned.  However, Mr. Wagner soon came to realize that sexual contact with minors was not justifiable under any circumstances, and he never did

---

children.  *Id.*  Mr. Wagner objected that the quoted texts were misleadingly cherry-picked from his thousands of texts during that time, the overwhelming majority of those texts had nothing to do with children.  Instead, the language in the revised paragraph makes it sound like there were thousands of texts regarding children, which is the opposite of the truth.  *See id.*

[4] As noted above, the U.S. Probation Officer calculates the advisory guideline range to be 135 to 168 months, based upon a five-level enhancement not appearing in the plea agreement and based upon disputed facts warranting resolution through an evidentiary hearing.

[5] Along these lines, the JSIN for the guideline range calculated by the Probation Officer shows sentences significant lower than that advisory guideline range.  Unfortunately, the Probation Officer rejected defense counsel's request to run the JSIN data for the guideline range in the plea agreement.  *See* Addendum to the PSR ¶¶ 3-6.

DEFENDANT'S SENTENCING MEMO
*WAGNER*, CR 22–0210 SI

2

1  it again. Instead, as with Thomas Bridler for example, Mr. Wagner did not have any sexual contact
2  with someone unless they were over 18. As part of his sexual interactions with Mr. Bridler, Mr.
3  Wagner did engage in fantasy talk by telling stories about sexual intentions or prior sexual contact
4  with minors intended to be stimulating. But these stories were not factually or historically accurate.

5  Mr. Wagner was also viewing child pornography. As before, Mr. Wagner initially tried to
6  justify this conduct of viewing child pornography as harmless because he was not personally
7  touching or photographing any children. However, through the course of this case, Mr. Wagner has
8  continued to make important progress on his journey of realizing the impact of his conduct in this
9  area, and he now firmly understands the devastating effects that his actions of viewing these images
10  and videos had on real children by, among other things, creating a market for the further sexual
11  exploitation of children. Mr. Wagner's blind spots here have been glaring and selfish, and he is
12  appropriately ashamed of himself. He also recognizes that there needs to be serious consequences for
13  his actions and is prepared to submit to them, proposing a significant custodial sentence of 48
14  months, even while he is understandably terrified of what prison will be like.

15  In addition to the generalized concerns about prison shared by every first timer, Mr. Wagner
16  has specifically warranted concerns about the effect of incarceration on his medical condition. *See*
17  PSR ¶¶ 106-110. Mr. Wagner has several serious medical conditions including chronic pain that,
18  while treatable by the Bureau of Prisons at least to some extent, will inevitably make serving his time
19  there substantially harder than for the average person who is younger and in better health than he.
20  Mr. Wagner's parents are also older than those of most defendants, and in poor health; in particular
21  Mr. Wagner's father who suffers from stage-four cancer is likely to die in the near future, while Mr.
22  Wagner is incarcerated. PSR ¶ 92. Accordingly, it is respectfully submitted that a sentence of 48
23  months imprisonment is the appropriate sentence for Mr. Wagner under the framework and factors of
24  18 U.S.C. § 3553(a).

25  With regard to the term of supervised release, the U.S. Probation Officer recommends 15 years,
26  while the government recommends 10 years. *See* PSR Sentencing Recommendation at 1; Dkt. 45 at
27  13. Mr. Wagner is prepared to submit to a term of supervised release of whatever length the Court
28  / / /

deems appropriate, especially if it provides some reassurance that a term of imprisonment of 48 months is sufficient in this case.

The U.S. Probation Officer appropriately recommends that a fine be waived.  *See* PSR Sentencing Recommendation at 1.  Mr. Wagner agrees that any resources he has would be better directed to the victims as restitution.[6]  Somewhat inconsistently, the Probation Officer recommends the enhanced special assessment of $5100 under 18 U.S.C. § 3014.  *See* PSR ¶ 134.  However, that enhanced assessment only applies to defendants who are "non-indigent."  18 U.S.C. § 3014(a).  Notably, the Presentence Report fails to acknowledge that the residence in Santa Rosa is jointly owned with Mr. Wagner's parents, reducing his total available assets to nearly nothing.  *See* PSR ¶ 124.  Accordingly, the Court should impose only the standard special assessment of $100.

## CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Wagner to a term of 48 months imprisonment to be followed by supervised release and a $100 special assessment, and the Court should set a further restitution hearing.

Dated:      January 13, 2023                    Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

                    /S
DANIEL P. BLANK
Senior Litigator

---

[6] The plea agreement sets forth some information about expected restitution.  However, it would probably be prudent to set the matter out for a restitution hearing during which time it is likely that the parties will be able to reach a stipulated recommendation in that regard.  Mr. Wagner is in compliance with the terms of his pretrial release and agrees with the recommendation of the U.S. Probation Officer that he be permitted voluntary surrender.  *See* Presentence Report Sentencing Recommendation at 3.