UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER WAGNER,<br><br>Defendant. | Case No. 22-cr-00210-SI-1<br><br>**ORDER DENYING REQUEST FOR NEW COUNSEL**<br><br>Re: Dkt. No. 65 |

The Court is in receipt of a letter, dated April 20, 2025, from defendant Christopher Wagner. Dkt. No. 65. Wagner states that his public defender has abandoned him and he requests new counsel be appointed, as he needs to discuss with counsel disability accommodations and the deliberate indifference of medical and programming staff at the facility where he is housed.

"A civil rights action . . . is the proper mechanism of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and ellipses omitted). However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *see also Turner v. Rogers*, 564 U.S. 431, 443 (2011); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).

Because there is no general right to counsel in a civil rights action, the Court denies Wagner's request for assignment of new counsel. Of course, Wagner may elect to file a civil rights action on

his own behalf.  The Court cautions that lawsuits challenging the conditions of confinement need to be filed in the district in which a prisoner is housed.  For prisoners housed at FCI Terminal Island, that means lawsuits to challenge the conditions of confinement must be filed in the Central District of California.

**IT IS SO ORDERED**.

Dated:  May 13, 2025

_____
SUSAN ILLSTON
United States District Judge

2