UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JAMES WAGNER,<br><br>Defendant. | Case No. 22-cr-00210-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 67 |

On November 5, 2025, Christopher James Wagner filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), citing medical and family circumstances. Dkt. No. 67. Mr. Wagner is representing himself in this motion. The government opposes. Dkt. No. 69. Mr. Wagner has filed a reply brief. Dkt. No. 73. For the reasons stated below, the Court denies the motion.

**BACKGROUND**

On October 7, 2022, Mr. Wagner pleaded guilty to one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *See* Dkt. Nos. 40 (Plea Agreement), 41 (Minute Entry). On January 20, 2023, the Court sentenced Mr. Wagner to sixty months imprisonment, followed by fifteen years of supervised release, and ordered him to pay $54,500 restitution. Dkt. No. 64 (2d Am. Judgment) at 2, 3, 7.

Defendant self-surrendered on April 7, 2023. *See id* at 2. Defendant is presently serving his sentence at FCI Terminal Island, with a projected release date of July 9, 2027. Mr. Wagner has now served more than 34 months of his 60-month sentence, or roughly 57% of the full term.

///

///

United States District Court<br>Northern District of California

**LEGAL STANDARD**

In accordance with the First Step Act and 18 U.S.C. § 3582(c)(1)(A), a district court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," (1) if extraordinary and compelling reasons warrant such a reduction, (2) if a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) after considering the applicable factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citations omitted). A defendant must fulfill all three factors, and failing any single factor may lead to denial. *Wright*, 46 F.4th at 945.

The amended policy statement, U.S.S.G. § 1B1.13, describes "extraordinary and compelling reasons" to include: (1) terminal illness and other grave physical, medical, functional, or cognitive conditions of the defendant; (2) age-related deterioration; (3) family circumstances; (4) being a victim of sexual or physical abuse perpetrated by employees of BOP; (5) "other reasons" for a sentence reduction that are "similar in gravity" to the four prior reasons; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). Even if the defendant's circumstances are "extraordinary and compelling," relief may only be granted for a defendant who is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(a)(2).

**DISCUSSION**

In opposing Mr. Wagner's motion, the government first argues that Mr. Wagner failed to satisfy the 30-day "claim-processing" rule before filing his motion for compassionate release with the Court. Defendant argues he satisfied this requirement when he appealed the denials of his request for administrative remedies to the Office of the General Counsel, Bureau of Prisons, on September 30, 2024. Dkt. No. 73; Dkt. No. 67-3 at 23 (Letter to the Office of the General Counsel,

2

United States District Court
Northern District of California

Bureau of Prisons).[1]   18 U.S.C. § 3582(c)(1)(A) requires that, before a defendant may file a compassionate release motion in federal court, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait 30 days after submitting the request for compassionate release to the warden.  18 U.S.C. § 3582(c)(1)(A).  Mr. Wagner's papers state that he submitted a compassionate release request to the warden on May 17, 2025.  Dkt. No. 67 at 3.  However, the email that he attaches contains no address in the "To" line, so it is not clear that this request was ever submitted, and the government states that the warden did not receive it.  *See* Dkt. No. 67-3 at 27; Dkt. No. 69 (Opp'n) at 9.  Nor does an appeal of an administrative accommodations request satisfy the procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  Nevertheless, because it does not change the outcome of this Order, the Court will assume that Mr. Wagner properly exhausted the 30-day prerequisite before filing his motion here.

Turning to whether Mr. Wagner's case presents extraordinary and compelling circumstances, in his motion, Mr. Wagner states that his health has significantly declined since his imprisonment and there have been systemic failures to respond to accommodation and medical care requests.  Dkt. No. 67-3 at 3.  Specifically, he states that he has "experienced catastrophic health deterioration during incarceration, including severe hypertension reaching crisis levels (163/105) requiring emergency intervention, complete mobility decline with projections of wheelchair dependence within 12 months, increasing fall frequency causing unconsciousness and injury risk, and cardiovascular deterioration compounding existing neurological conditions." *Id.*  He states that he is receiving no medication at all despite severe pain.  Additionally, he complains of staff misconduct in handling his requests for medical treatment.  He also asks for release so that he can reconcile with his terminally ill father.

The Court has carefully reviewed the parties' arguments and has also considered the medical records that both sides provided.  The Court concludes that compassionate release is not warranted

---

[1] Due to a lack of page numbers within the document, the Court is using the page numbers added by the Court's electronic case filing system.

United States District Court
Northern District of California

at this time because the defendant has not demonstrated that his circumstances are extraordinary and compelling. The medical evidence does not show significant deterioration beyond what was contemplated at sentencing.[2] Further, defendant has received various accommodations, including a lower bunk, first floor cell, and a walker. *See, e.g.* Dkt. No. 67-5 at 19, 68. He has also had numerous doctors' appointments to determine how to best treat his various medical conditions. *See, e.g.,* Dkt. No. 67-5 at 38-41, 47-49, 73-80, 90-93. The record reflects that he has been prescribed a significant amount of medication. Dkt. No. 67-5 at 22-24.

Regarding allegations of staff misconduct, a motion for compassionate release is not the proper way to address these claims unless the staff was involved in sexual abuse or in physical abuse resulting in "serious bodily injury" to the defendant, neither of which are alleged here. *See* U.S.S.G. § 1B1.13(b)(4). As the Court previously instructed Mr. Wagner, *see* Dkt. No. 66 (Order of May 13, 2025), Mr. Wagner may elect to file a civil rights action to challenge the conditions of his confinement.[3]

Regarding Mr. Wagner's terminally ill father, U.S.S.G. § 1B1.13(b)(3)(C) contemplates release for a defendant who would be an incapacitated parent's sole caretaker. This is not the case here.

Finally, Mr. Wagner has not demonstrated that he is no longer a danger to the safety of any other person or to the community under U.S.S.G. § 1B1.13(a)(2). His release plan involves staying with the older brother of one of his alleged victims and relying on government benefits for his income and medical care, with "light office work" as able. Dkt. No. 67-1 at 8-10. Mr. Wagner asserts that his medical condition prevents him from reoffending, but this is unconvincing. *See* Dkt. No. 67-3 at 3. The medical evidence presented does not suggest that his condition prevents Mr.

---

[2] The medical conditions presented were largely known to the Court at the time of sentencing. Although polyneuropathy was not named specifically in the Presentence Report, chronic joint pain was discussed in the Presentence Report and highlighted by defense counsel prior to sentencing. *See* Dkt. No. 42 at 24; Dkt. No. 48 at 3.

[3] Lawsuits challenging the conditions of confinement need to be filed in the district in which a prisoner is housed. For prisoners housed at FCI Terminal Island, that means lawsuits to challenge the conditions of confinement must be filed in the United State District Court for the Central District of California.

Wagner from accessing computers and engaging in criminal activity once again.

Accordingly, the Court DENIES defendant's motion for compassionate release.

**IT IS SO ORDERED**.

Dated: February 27, 2026

_____

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California